David L. Glickman, J.
This condemnation proceeding *543 which heretofore was tried and determined, and subsequently was the subject of appeals to the Appellate Division, Second Judicial Department, and the Court of Appeals, has been ordered by the Court of Appeals to have a "new hearing” (37 NY2d 649). Claimants now move for an order fixing a date for such hearing but limited solely to a determination of the value of an increment for potential subdivision of the property appropriated, said value to be added to the award rendered in the first instance.
It is claimants’ contention that the decision of the Court of Appeals in reversing new findings of the Appellate Division thereby reinstated the initial judgment leaving as the only issue for determination the value of the increment aforesaid. The petitioner, in opposing the motion, argues that the new hearing directed by the Court of Appeals requires a full trial de nova.
In this court’s view, the evident import of the decision rendered by the Court of Appeals must be construed as directing a new trial. Firstly, it should be noted that the Court of Appeals did not direct as in the case cited by claimants (Matter of City of New York [A. & W. Realty Corp.] 1 NY2d 428) that the decree of Special Term be reinstated. Nor did it specifically direct that the "new hearing” be limited solely to the question of the value of the increment for a potential subdivision. Secondly, contrary to claimants’ contention, CPLR 5601 does not provide that a reversal by the Court of Appeals of new findings of the Appellate Division reinstates the original findings of Special Term. The court is not persuaded that such result obtains in the instant proceeding.
In its decision, the Court of Appeals points out (1) that the property, in view of its potential as a residential subdivision, must be treated not as raw acreage nor as part of a completed development but as having an increment in value because of that potential, and that when such increment is added to reflect a property’s subdivision potential "the specific increment which is selected and applied must be based on sufficient evidence and be satisfactorily explained”; that the "determiner of the facts should set out the found acreage value and the found increment value, rather than the final per acre figure”, and (2) that the new findings of the Appellate Division relating to the meadowland were without sufficient proof in the record to support the reduced value thereof fixed by the Appellate Division.
*544 Thus, it is apparent that the new hearing ordered by the Court of Appeals became necessary not only to consider the value of the increment stemming from the potential subdivision but also to supply proof concerning the value of the meadowland and as distinguished from the value of the upland. If at the new hearing adequate evidence is presented upon which to base these valuations, it is clear that the resulting award may differ substantially from the amount initially granted, hence a new trial is indicated.
This proceeding shall be added to the Call Calendar of the Condemnation Part scheduled for April 7, 1976 for the purpose of fixing a trial date.
Submit order which shall provide for an exchange of amended appraisal reports prior to the trial.